IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                           CRIMINAL NO. 1:22-CR-00150-GHD-DAS

MICHAEL ROSS THOMAS                             DEFENDANT

<u>ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE</u>

Presently before the Court is the Defendant's motion to terminate supervised release [Doc. No. 2]. Upon due consideration, the Court shall grant the motion.

On May 21, 2012, the United States District Court for the Eastern District of California sentenced the Defendant to 146 months of imprisonment followed by ten years of supervised release, for distribution of methamphetamine and as a felon in possession of a firearm. The Defendant began his term of supervised release on April 19, 2022, and was transferred to this District for supervision on November 23, 2022. The Defendant has successfully complied with all terms of supervised release and has not been the subject of any disciplinary action by the United States Probation Service. Accordingly, the Defendant requests that this Court terminate his supervised release and remove him from further supervision. The Government and the United States Probation Service have informed the Court that they do not object to this motion.

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). A defendant may file a motion for early termination of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). *See Pepper v. United States*, 562 U.S. 476, 502, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). A court may "terminate a term of supervised release and discharge the defendant released at any time

after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of the factors in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e)(1). "The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

The Defendant maintains that he has fulfilled all the conditions of his supervised release; in particular, he states that he is gainfully employed, coaches a youth soccer team, and has had no violations or contacts with local law enforcement since his term of supervision commenced. Both the Assistant United States Attorney and United States Probation Officer assigned to the Defendant have concurred that the Defendant has complied with all terms of supervised release and state that they have had no issues with him or his conduct during his term of supervised release, and that they thus have no opposition to the early termination of the Defendant's supervised release. Based on all of the foregoing, the Court finds that the Defendant's motion is well taken.

THEREFORE, it is hereby ORDERED that the Defendant Michael Ross Thomas' motion for early termination of supervised release [Doc. No. 2] is GRANTED; the Defendant's term of supervised release is hereby terminated.

It is SO ORDERED, this, the 8 of September, 2025.

_____
SENIOR U.S. DISTRICT JUDGE

2